1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JANNETTE STEVENS, by and through her guardian ad litem, MARGARET MAXYMUIK; and MELBA STAMPER,

v.

CALVIN MOORE, an individual; TIMOTHY BROWN, an individual; UNITED AIRLINES INC., a Delaware Corporation; SKYWEST AIRLINES, INC., a Utah Corporation; DAL GLOBAL SERVICES, LLC, a Delaware Limited Liability Company and DOES 1 through 50 inclusive,

Defendants.

No. 1:14-CV-1701-AWI-BAM

**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFFS' MOTION TO REMAND ACTION TO STATE COURT**

**(Doc. 4)**

## INTRODUCTION

On August 8, 2014, Plaintiffs initiated this action in Fresno County Superior Court (Case number 14 CE CG 02315.  Plaintiffs, Janette Stevens, by and through her guardian ad litem Margaret Maxymuk, and Melba Stamper ("Plaintiffs"), allege state law causes of action for negligence and negligent infliction of emotional distress against Defendants, Calvin Moore, Timothy Brown, United Airlines, Skywest Airlines, DAL Global Services, and Does 1 through 50 ("Defendants").  Specifically, Plaintiffs allege that Defendants breached their required duty of care required under the Air Carrier Access Act, 49 U.S.C. § 41705 ("ACAA"), by failing to

1

provide Plaintiff Stevens with proper wheelchair assistance when enplaning and deplaning, and for failing to train employees regarding these procedures. There are no federal causes of action pled in the complaint, and there is no alleged diversity of citizenship establishing diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).[1]

Defendants removed this case to federal court claiming that because Plaintiffs' claims of negligence are based on violations of ACAA (and related regulations promulgated by the Department of Transportation, 14 C.F.R. § 382 *et seq.),* the claims are preempted under federal law and federal question jurisdiction is proper. Plaintiffs have filed a Motion to Remand arguing that no federal jurisdiction exists because the complaint only raises state law claims of negligence, and the ACAA only establishes the standard of care under California tort law which is not sufficient to establish federal jurisdiction. (Doc. 4).

After considering the pleadings, including Plaintiffs' Motion to Remand, Defendants' Opposition (Doc. 10), and Plaintiffs' Reply (Doc. 11), this Court determined the matter was suitable for decision without oral argument pursuant to Local Rule 230(g) and took the matter under submission. (Doc.12). Upon a review of the pleadings, the Court recommends that Plaintiffs' Motion to Remand be GRANTED.

## LEGAL STANDARD

### A. *Removal Generally*

Title 28 of the United States Code section 1441(a) provides that a defendant may remove "any civil action brought in a State court of which the district courts . . . have original jurisdiction ..." 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in

---

[1] Here, there is no complete diversity because Plaintiffs and some of the Defendants are citizens of California. "Subject matter jurisdiction based upon diversity of citizenship requires that *no* defendant have the same citizenship as any plaintiff." 28 U.S.C. § 1332 (a); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001) (per curiam), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77, 130 S.Ct. 1181 (2010).

controversy exceeds $75,000.  28 U.S.C. §§ 1331, 1332(a).

Section 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447 (c). A motion to remand is the proper procedure for challenging removal. *Babasa v. LensCrafters, Inc.*, 498 F.3d 972, 974 (9th Cir. 2007).  If a defendant has improperly removed a case and the district court lacks subject matter jurisdiction, the district court shall remand the case to the state court.  28 U.S.C. § 1447(c); *see also Durham v. Lockheed Martin Corp*., 445 F.3d 1247, 1252 (9th Cir. 2006) (noting that a district court resolves all ambiguity in favor of remand). Conversely, a district court lacks discretion to remand a case to the state court if the case was properly removed.  *Carpenters S. Cal. Admin. Corp. v. Majestic Housing*.,743 F.2d 1341, 1343 (9th Cir. 1984) abrogated in part on other grounds*, Southern Cal., IBEW-NECA Trust Funds v. Standard Indus. Elec. Co.*, 247 F. 3d 920, 924 n. 6 (9th Cir. 2001); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988). "The removal statute is strictly construed against removal jurisdiction [and] [t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc*., 582 F.3d 1083, 1087 (9th Cir. 2009).  The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) citing 28 U.S.C. § 1441(a). Absent diversity of citizenship, federal-question jurisdiction is required, which means that the plaintiff's cause of action must "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that

3

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. See *Caterpillar*, 482 U.S. at 392 citing *Gully v. First National Bank*, 299 U.S. 109 (1936). The well-pleaded complaint rule makes the plaintiff the master of the claim; it also prevents the defendant from controlling the litigation and obtaining a transfer to federal court when the defendant raises a federal question in the responsive pleadings. *See*, *Caterpillar*, 482 U.S. at 392.

Federal question jurisdiction, nonetheless, may be established in a removal proceeding without stating a federal question in the well-pleaded complaint.  There is an "independent corollary" to the well-pleaded complaint rule known as complete preemption doctrine.  *Rains v. Criterion Sys., Inc*., 80 F.3d 339, 344 (9th Cir.1996).   Under complete preemption, sometimes referred to as field preemption, the force of certain federal statutes is considered to be so "extraordinary" that it "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987); *see also*, *Retail Property Trust v. United Brotherhood of Carpenters and Joiners of America*, 768 F. 3d 938, 948-949 (9th Cir. 2014) (discussing the types of preemption generally and noting that in the past, complete preemption and field preemption have been used interchangeably).  Complete preemption removal is an exception to the otherwise applicable rule that a plaintiff is ordinarily entitled to remain in state court so long as its complaint does not, on its face, affirmatively allege a federal claim."[2] *K2 American Corp. v. Roland Oil and Gas, LLC*,

---

[2]   The Ninth Circuit has noted that "complete preemption is really a jurisdictional rather than a preemption doctrine because is confers exclusive jurisdiction in certain instances where Congress intended the scope of federal law to be so broad that it entirely replaces a state law claim." *Dennis v. Hart*, 724 F. 3d 1249, 1254 (9th Cir. 2013).  This form of jurisdiction is very rare and the Supreme Court has only recognized three instances of "complete" or "field" preemption. The three are : (1) § 301 of the LMRA, 29 U.S.C. § 185, *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists,* 390 U.S. 557, 558–62 (1968); (2) § 502(a) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a), *Metro. Life Ins.,* 481 U.S. at 65–67; and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86, *Beneficial Nat'l Bank,* 539 U.S. at 7–11.  *Retail Property Trust v. United Broth. of Carpenters and Joiners of America* 768 F.3d 938, 948 (9th Cir. 2014)

653 F. 3d 1024 (9th Cir. 2011) quoting *Marin Gen. Hosp.,* 581 F. 3d 941, 945 (9th Cir. 2009).

A second way of establishing federal question jurisdiction is "conflict preemption." *K2 American Corp*. 653 F. 3d at 1029.  Conflict preemption arises if there is an actual conflict between state and federal law, or where compliance with both is impossible.  *Public Utility Dist. No. 1 of Grays Harbor County Wash. v. IDACORP Inc*., 379 F. 3d 641, 649-650 (9th Cir. 2004). This doctrine may serve as a defense to a state law action, but it does not confer federal question jurisdiction.  *K2 American Corp*., 653 at 1029, n. 6 citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co*., 581 F. 3d at 945 (discussing complete preemption in the ERISA context).

The third way that federal question jurisdiction can be established is if a significant federal issue warrants the exercise of federal jurisdiction.  *See*, *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*., 545 U.S. 308, 312 (2005).  Under *Grable,* a state-law claim can "arise under" federal question jurisdiction when it: (1) raises a "disputed" and "substantial" federal issue, and (2) the exercise of federal jurisdiction will not disturb "any congressionally approved balance of federal and state judicial responsibilities." *Id*.

**B.  Federal Law Preemption of the Duty of Care of a State Law Cause of Action is Insufficient to Confer Federal Jurisdiction.**

*1.  Plaintiffs' Complaint Asserts State Law Claims.*

The Ninth Circuit recently considered whether California state law claims of negligence and breach of duty of a common carrier were preempted by Federal Aviation Administration ("FAA") standards. *Gilstrap v. United Air Lines, Inc*., 709 F.3d 995, 998 (9th Cir. 2013).  In *Gilstrap,* the plaintiff alleged she suffered from back and leg problems, and that United Airlines failed to provide her with the necessary assistance on two flights. *Id*.  Plaintiff asserted claims under the Americans with Disabilities Act, 42 U.S.C. § 12182(a) ("ADA"), but also alleged a negligence claim, citing the ACAA as the basis for the standard of care. *Id*.  The court evaluated whether the ACAA implies a congressional intent to preempt personal injury lawsuits under

5

1    either field or conflict preemption.  *Id.*  Relying on the Third Circuit's holding in *Abdullah v.*

2    *American Airlines*, Inc., 181 F.3d 363 (3d Cir.1999), the *Gilstrap* court found that while federal

3    law generally establishes the applicable standards of care in the field of FAA safety, field

4    preemption can be divided into two components : (1) state standards of care, which may be

5    preempted by pervasive regulation, and (2) state remedies, which may survive even if the

6    standard of care is preempted.  *Id.* at 1005-1006.  The Court concluded that while the AACA

7    preempted the standard of care, state law still governs other negligence elements (breach,

8    causation, and damages), as well as the choice and availability of remedies.  *Id.* at 1106.  Given

9    this holding, the claims raised in Plaintiffs' complaint are state law causes of action.  The issue

10   presented here, which the Ninth Circuit did not address in *Gilstrap*, is whether preemption of the

11   standard of care under the ACAA in a state law negligence action confers federal jurisdiction.[3]

12   This Court finds that it does not.

13       2.   *Federal Jurisdiction is Not Established Under Grable & Sons Metal Prods., Inc. v.*
            *Darue Eng'g & Mfg.*

14       Here, Defendants argue that notwithstanding the holding in *Gilstrap*, federal jurisdiction is

15   established based on the standards set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g*

16   *& Mfg.*, 545 U.S. at 308.  Specifically, Defendants contend that a federal court may exercise

17   jurisdiction over a state law claim if the action necessarily raises a federal issue that is disputed

18   and substantial, and the case may be entertained without disturbing the congressionally approved

19   balance of state and judicial responsibilities.  (Doc. 10, pg. 3); *Id.* at 314.  "Th[is] doctrine

20   captures the commonsense notion that a federal court ought to be able to hear claims recognized

21   under state law that turn on substantial questions of federal law, and thus justify resort to the

22   experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.* at

[3] The Ninth Circuit did not address the question of whether the application of the ACAA as a standard of care in a
state law negligence action establishes federal jurisdiction because in *Gilstrap*, jurisdiction was established by the
Plaintiff's ADA claim.

6

312.  Defendants assert that federal question jurisdiction exists in this case because there is a federal interest in district courts implementing the holding in *Gilstrap* in a consistent manner. The Court disagrees.

In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 806 (1986), the Supreme Court considered whether a drug company could be held presumptively liable in a Ohio tort claim based on an alleged violation of the Federal Food, Drug, and Cosmetic Act. Specifically, the Court examined whether the incorporation of a federal standard in a state law cause of action makes the action one 'arising under' the Constitution, laws, or treaties, of the United States. *Id.* at 813.   The Court noted that most federal-question jurisdiction cases are those in which federal law creates a private cause of action.  *Merrell Dow*, 478 U.S. at 808.  The Court emphasized that it would undermine congressional intent to conclude that federal courts could exercise federal jurisdiction solely because the federal violation is said to be a proximate cause under state law. *Id*. at 812.

The Supreme Court elaborated on this jurisdictional question in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg*.  *Grable* involved a quiet title action against a federal tax sale purchaser on the ground that the IRS had given him inadequate notice under federal law. Notwithstanding the fact that there was no private right of action in *Grable*, the Court found that federal question jurisdiction existed because the disputed notice provisions under IRS tax laws were essential to the quiet title claim and they also raised important federal tax issues. *Grable & Sons Metal Prods*, 545 U.S. at 315.  When finding federal jurisdiction was proper, however, the Court cautioned that the "mere need to apply federal law in a state law claim," does not "suffice to open the 'arising under' door." *Grable & Sons Metal Prods*, 545 U.S. at 313, (citing Gully, 299 U.S. at 117-18 (1936) (calling for a "commonsense accommodation of judgment to [the] kaleidoscopic situations" that present a federal issue and encouraging courts selectively to "pick[

] the substantial causes out of the web and lay[ ] the other ones aside")). The Court emphasized

that "if the federal labeling standard without a cause of action could get a claim into federal court,

so could any other federal standards without causes of action. And that would mean an enormous

number of cases." *Grable* at 308. Notwithstanding these concerns, the Court in *Grable* found that

the effect on the federal-state division of labor would be small because state quiet title cases

involving contested federal law issues were rare. *Id*. at 319.

The Supreme Court has highlighted *Grable's* limited holding by characterizing it as

falling into a "special" and "slim" category. *See*, *Empire Healthchoice Assur., Inc. v. McVeigh*,

547 U.S. 677, 699-701 (2006). In *McVeigh*, the court noted that *Grable* involved a pure question

of law, presented "substantial" and "significant" federal issues, and involved a federal agency's

interpretation of a federal statute that would be dispositive and controlling in future cases. *Id*. at

700. Thus, the Court again stressed that it takes more than a federal element "to open the 'arising

under' door." *Id*. at 701.

   a. *Plaintiffs' Complaint Does Not Present a Disputed or Substantial*
      *Federal Issue.*

Preliminarily, neither Plaintiffs nor Defendants argue that a private right of action exists

under the ACAA. Although the Ninth Circuit has not conclusively ruled on this issue, three

Circuit Courts have concluded that the ACAA does not confer a private right of action. *Lopez v.*

*Jet Blue Airways*, 662 F.3d 593, 596–97 (2d Cir. 2011); *Boswell v. Skywest Airlines, Inc*., 361

F.3d 1263, 1269–71 (10th Cir. 2004); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354–59 (11th Cir.

2002).[4] Under *Merrill Dow*, the absence of a private right of action under the ACAA militates

against conferring federal jurisdiction.

_____

[4] The Ninth Circuit did not address whether the ACAA confers a private right of action *Gilstrap*. However, the Court did note that the Supreme Court narrowed the framework for evaluating whether a statute implies a private cause of action in *Alexander v. Sandoval*, 532 U.S. 275 (2001). After *Alexander v. Sandoval*, all three circuits to consider this question have concluded that the ACAA does not imply a private cause of action. *Gilstrap*, 709 F. 3d at 1002.

8

Similarly, although Defendants argue that federal jurisdiction is established so that district courts can uniformly apply the holding in *Gilstrap*, there is no disputed or substantial issue that implicates federal law. Here, Plaintiffs merely allege a state negligence law claim that incorporates a federal standard of care. This alone does not establish a federal question. *See*, *Grable*, 545 U.S. at 318-19 (noting that a "violation of federal statutes and regulations is commonly given negligence per se effect in state court proceedings." quoting Restatement (Third) of Torts § 14 cmt. a (2001)).

Although the Ninth Circuit has not ruled on this issue in the context of the ACAA or FAA regulations specifically, the Court has held that federal question jurisdiction over a state law claim is not created just because a violation of federal law is an element of the state law claim. *Wander v. Kaus*, 304 F. 3d 856 (9th Cir. 2002). Although *Wander v. Kaus* was decided prior to *Grable* and *Gilstrap*, the Court still finds the reasoning in *Wander v. Kraus* persuasive. Other courts have reached the same conclusion. *See e.g. Bennett v. Southwest Airlines Co.*, 484 F.3d 907, 912 (7th Cir. 2007) ('[t]hat some standards of care used in tort litigation come from federal law does not make the tort claim as on 'arising under' federal law."); *Jairath v. Dyer*, 154 F. 3d 1280, 1284 (11th Cir. 1998) (a violation of ADA as an element of a state law cause of action does not confer federal-question jurisdiction); *Stephen County v. Wilbros*, LLC., 2012 WL 4888425 at *2 (N.D. Ga., Oct. 6, 2012) (allegations that violations of the Clean Water Act established negligence pro se under state law do not establish federal question jurisdiction over negligence claims); *McCarty v. Precision Airmotive Corp.*, 2006 WL 2644921 (Sept. 14, 2006, M.D. Fla., 2006) (The fact that the FAA rules and regulations may be relevant to defining the duty of care in a negligence or products liability case does not elevate a typical state law tort claim into on requiring resolution in a federal forum). Accordingly, the Court concludes that the application of the ACAA's standard of care does not raise a disputed or substantial federal issue.

*b.   Conferring Federal Jurisdiction Will Disturb the Congressionally
Approved Balance of Federal and State Judicial Responsibilities.*

Even if a substantial federal question is established (which is not the case here), a federal

issue will ultimately qualify for a federal forum *only* if federal jurisdiction is consistent with

congressional judgment about the sound division of labor between state and federal courts.

*Grable*, 545 U.S. at 313-314. "Because arising-under jurisdiction to hear a state-law claim always

raises the possibility of upsetting the state-federal line drawn by Congress, the presence of a

disputed federal issue and the ostensible importance of a federal forum are never necessarily

dispositive; there must always be an assessment of any disruptive portent in exercising federal

jurisdiction." *Id*. citing *Merrell Dow*, 478 U.S. at 810.  Exercising federal question jurisdiction in

this case will upset the balance between federal and state judicial responsibilities because

conferring federal jurisdiction under these circumstances would "herald [ ] a potentially enormous

shift of traditionally state cases into the federal courts.  *Grable*, at 319-320.  This contradicts the

holdings in both *Merrill Dow* and *Grable*.

Given all of the above, Defendants have not established that federal courts have a genuine

interest in resolving a state law negligence claim that incorporates the ACAA standard of care.

The burden of establishing federal jurisdiction falls on the party invoking removal. *Harris v.*

*Provident Life and Acc. Ins. Co*., 26 F.3d 930, 932 (9th Cir.1994).   The removal statute is strictly

construed against removal and federal jurisdiction must be rejected if there is any doubt as to the

right of removal in the first instance.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992).

Here, Defendants' failure to identify a disputed or substantial federal interest in the resolution of

Plaintiffs' state tort claim is controlling.  *See, Braugh v. Delta Airlines*, 2015 WL 761932 (N.D.

Ga., Feb. 23, 2015) (Remand to state court is required when the ACAA preempts the standard of

care in a state negligence action because federal question jurisdiction is not established).

Accordingly, remand is proper.

### RECOMMENDATIONS

For the reasons stated above, the Court recommends that Plaintiffs' Motion To Remand be GRANTED and that the case be remand the case to the Fresno County Superior Court.

These Findings and Recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B). Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's Findings and Recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F. 3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991); *Martinez v. YIst*, 951 F. 2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   __April 13, 2015__                    ___/s/ Barbara A. McAuliffe___
                                            UNITED STATES MAGISTRATE JUDGE